UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES SWALWELL,

    Plaintiff,

v.                                             CASE NO. 14-13577
                                              HONORABLE GEORGE CARAM STEEH

CAROLYN W. COLVIN
Commissioner of Social Security,

    Defendant.

_____/

**OPINION AND ORDER ACCEPTING REPORT AND RECOMMENDATION (Doc. 17), OVERRULING PLAINTIFF'S OBJECTIONS (Doc. 18), DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Doc. 12), AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Doc. 15)**

**I. INTRODUCTION**

        This matter is before the court on the parties' cross motions for summary judgment as to plaintiff James Swalwell's claim for judicial review of a final decision of defendant Commissioner denying his application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act (42 U.S.C. §§ 401-34). The matter was referred to Magistrate Judge Patricia T. Morris who issued a report and recommendation on April 30, 2015, recommending that Swalwell's motion be denied and that the Commissioner's motion be granted. Swalwell filed timely objections to the Magistrate's report, which this court has duly considered. For the reasons stated below, Swalwell's objections are overruled and the court shall accept Magistrate Judge Morris's report.

**II. PROCEDURAL AND FACTUAL HISTORY**

        On October 18, 2011, Plaintiff James Swalwell applied for DIB, alleging that he had become disabled on February 14, 2009, following an on-the-job injury (Tr. at 27). The Commissioner considered discogenic and degenerative back disorders and other unspecific arthropathies as potential disabilities and denied Plaintiff's claim on April 9, 2012 (Tr. at 97-98).

Administrative Law Judge ("ALJ") David A. Mason, Jr., conducted a hearing regarding Plaintiff's claim on April 25, 2013. Represented by counsel, Swalwell testified on his own behalf. Vocational expert Michael Rosko also gave testimony.

On June 10, 2013, the ALJ issued a written opinion that Swalwell was not disabled within the meaning of the Social Security Act's Disability Insurance Benefit provisions. Based on Swalwell's testimony at the hearing, as well as medical records provided by several of Swalwell's physicians from 2008 through 2013, the ALJ determined that Swalwell had "degenerative disc disease of the lumbar spine status post lumbar microdiskectomy and right shoulder impingement" (Tr. at 25) – severe impairments under the Social Security Act that significantly limit performance of basic work activities (*Id.*; *see also* 20 C.F.R. § 404.1521). However, the ALJ also found that neither of these impairments was a presumptive disability under the Social Security Act (Tr. at 25-26). Based on this diagnosis as well as testimony from vocational expert Rosko, the ALJ concluded that, while Swalwell was unable to perform his previous work as a maintenance technician, Swalwell had the residual functional capacity ("RFC") to perform light work, including work as a security guard, mail sorter, cashier, or industrial processor (Tr. at 79-81). In reaching his conclusion that Swalwell was not disabled, the ALJ gave "little weight" to the opinion of Dr. Chodoroff, Plaintiff's most recent treating physiatrist, on grounds that Dr. Chodoroff's assessment was based on an aggravation of symptoms over the three weeks leading up to his physical examination and was inconsistent with the record as a whole (Tr. at 29). The ALJ additionally found that Plaintiff's testimony about his daily or weekly activities was inconsistent with his alleged functional limitations, as Swalwell reported significant physical pain and limited mobility yet also testified that he was able to drive, visit with friends and family, attend church, hunt with his dog, and vacation in Mexico (Tr. at 43-51).

The Social Security Administration's Appeals Council denied Swalwell's request for review on July 24, 2014 (Tr. at 1-6), and Swalwell filed suit in this court for judicial review of the

administrative decision on September 16, 2014. Both sides have filed motions for summary judgment. On April 30, 2015, Magistrate Judge Morris issued her report and recommendation that the Commissioner's motion for summary judgment should be granted and Swalwell's motion for summary judgment should be denied. Swalwell's objections to that report are now before the court. In his objections, Swalwell argues that the ALJ's failure to incorporate lumbar radiculopathy into his RFC was not harmless error and that the ALJ did not give due deference to the opinion of Swalwell's treating physiatrist. For the reasons stated below, Swalwell's objections lack merit.

## III. STANDARD OF REVIEW

Judicial review of benefits decisions made by the Commissioner of Social Security after a hearing is authorized by 42 U.S.C. § 405(g). When reviewing a magistrate judge's report and recommendation upon objection from any party, the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.*

A district court may affirm, modify, or reverse the Commissioner's decision, with or without remand. *See* 42 U.S.C. § 405(g). Findings of fact by the Commissioner are conclusive if supported by substantial evidence. *Id.* The court must affirm the decision unless it determines that the Commissioner "has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004). The court may not evaluate the credibility of witnesses or try the case de novo. *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2007).

Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Serv.*, 25 F.3d 284, 286 (6th. Cir. 1994). A court may not reverse the Commissioner's decision merely because it disagrees or because

substantial evidence can also be found in the record to support the opposite conclusion. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006).

## IV. ANALYSIS

### A. ALJ's Consideration of Lumbar Radiculopathy in Swalwell's RFC

Swalwell argues that the ALJ's failure to "incorporate" the functional limitations of lumbar radiculopathy into his RFC is reversible error (Pl.'s Obj. to Report & Rec. at 2). The ALJ did not include lumbar radiculopathy among Swalwell's severe impairments but considered Dr. Chodoroff's medical report on this condition in formulating the RFC, ultimately giving "little weight" to Dr. Chodoroff's opinion because of its inconsistency with Plaintiff's testimony and medical history (Tr. at 28-29). Plaintiff concedes that the ALJ's failure to list lumbar radiculopathy expressly among his severe impairments is immaterial, but he argues that this is only true so long as the physical limitations associated with that condition are "incorporated" into the RFC.

Swalwell misstates the standard for formulating the RFC. Once the ALJ has determined that the plaintiff has any severe impairment, the ALJ must "consider" the limiting effects of "all [Plaintiff's] impairment(s), even those that are not severe" in assessing his RFC. 20 C.F.R. § 404.1545(e). *See also* SSR 96-8p, 1996 WL 374184 (July 2, 1996); *Fisk v. Astrue*, 253 F. App'x 580, 583 (6th Cir. 2007). The ALJ here considered the physical and functional limitations of Swalwell's lumbar spine and shoulder impairments described by a number of his physicians; the ALJ specifically incorporated these limitations into his RFC determination (*see* Tr. 26-29). The ALJ acknowledged Swalwell's lumbar radiculopathy but indicated that the record did not support incorporating any further functional limitations into the RFC because of this condition (*See* Tr. at 27-29).

ALJ Mason specifically considered the physical limitations of lumbar radiculopathy opined by Dr. Chodoroff (*see* Tr. at 29) but found these limitations to be inconsistent with Dr. Chodoroff's previous assessments of Swalwell's health as well as other medical evidence on

the record from Swalwell's various physicians describing his abilities to stand, sit, or climb ramps or stairs for certain amounts of time and to push, pull, or lift objects of various weights (Tr. at 28-29). Similarly, the ALJ found that Swalwell's own description of his daily activities, which included hunting with his dog, cooking, and swimming, to be unsupportive of his alleged physical limitations due to this condition (Tr. at 28).

For these reasons, Swalwell's objection to the ALJ's alleged failure to incorporate the functional limitations of lumbar radiculopathy into his RFC lacks merit.

**B. Weight Accorded to Opinion of Swalwell's Treating Physiatrist**

Swalwell also argues that the ALJ's decision to accord "little weight" to the opinion of Dr. Chodoroff was based on a mistaken interpretation of the record, namely, that Swalwell's symptoms had not simply worsened three weeks prior to his visit to Dr. Chodoroff on March 13, 2013 (Tr. at 29; Pl.'s Obj. to Report & Rec. at 3). Swalwell also objects to the use of his medical history prior to his visit with Dr. Chodoroff to support the ALJ's decision to give light weight to Dr. Chodoroff's opinion (Pl.'s Obj. to Report & Rec. at 3-4).

Medical opinions are to be accorded controlling weight by the ALJ if they are based on "medically acceptable clinical and laboratory diagnostic techniques" and are not inconsistent with substantial evidence in the record. 20 C.F.R. § 404.1527(c)(2). Opinions that are not accorded controlling weight must be assessed using a six-factor test that takes into account the nature and length of the treatment relationship, frequency of examination, consistency of the opinion with the record as a whole, and the specialization of the treating source. 20 C.F.R. § 404.1527(c)(1)-(6). The ALJ must give "good reasons" for the weight assigned to a particular medical opinion. 20 C.F.R. § 404.1527(c)(2).

Here, the ALJ provided a reasoned explanation for his decision to accord "little weight" to Dr. Chodoroff's opinion (*see* Tr. at 29). ALJ Mason observed inconsistencies between Dr. Chodoroff's most recent opinion and his past evaluations, in which the physician noted "a number of times" that Swalwell's need for pain medication had improved (Tr. at 29). The ALJ

also attributed Dr. Chodoroff's most recent evaluation to an "aggravation" in Swalwell's symptoms from "three weeks ago" – an abnormality the ALJ found to be at odds with Swalwell's history of general improvement since his microdiskectomy in 2009 established by his treatment records from various physicians, including Dr. Chodoroff (*Id.*).

As Magistrate Judge Morris noted, as long as the Commissioner's decision applied the correct legal standard and is supported by substantial evidence in the record, it must be upheld (Report & Rec. at 13). A decision by the Commissioner is not reversible simply because there exists in the record substantial evidence to support a different conclusion. *See McClanahan*, 474 F.3d at 833. Here, although the ALJ could have been more explicit in his consideration of the six factors for weighing opinion evidence in 42 U.S.C. §404.1527(c), his reasoned explanation – as Magistrate Judge Morris explained – meets the standard set forth in SSR 96-2P, 1996 WL 374188 (July 2, 1996): a decision denying benefits must contain "specific reasons," be supported by evidence in the record, and make clear to subsequent reviewers both the weight assigned to the evidence and the reasons for that weight.

## IV. CONCLUSION

For the reasons set forth above, Swalwell's objections are hereby **OVERRULED**. Consistent with the analysis herein, the court hereby ACCEPTS Magistrate Judge Morris's report and recommendation dated April 30, 2015 (Doc. 17), GRANTS Commissioner's motion for summary judgment (Doc. 15), DENIES Swalwell's motion for summary judgment (Doc. 12), and DISMISSES Swalwell's complaint WITH PREJUDICE.

**IT IS SO ORDERED.**

Dated: June 4, 2015

                                                s/George Caram Steeh
                                                GEORGE CARAM STEEH
                                                UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on June 4, 2015, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk